### Elouise "Dinker" Laughing and
### Anthony J. Laughing,
### Defendants/Appellants,
### v.
### Joseph Deihl and Sara Deihl,
### Plaintiffs/Appellees.
### Decided October 21, 1997

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Paul D. Barber, Esq., Albuquerque, New Mexico, for the Appellants; and
Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the
Appellees.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal of orders denying motions to vacate entry of default and
default judgment by the Window Rock District Court. The sole issue this Court
will address is whether the district court erred in granting the entry of default
without waiting ten days as required by Rule 55(a)(3), Navajo Rules of Civil
Procedure.

## I

This action involves the right to possession of and title to fee land located with-
in the Navajo Nation at St. Michaels, Navajo Nation (Arizona). The Appellants,
Anthony and Elouise Laughing, are husband and wife and residents of the St.
Regis Mohawk Reservation in northern New York. Elouise is a member of the
Navajo Nation and Anthony is a member of the St. Regis Mohawk Tribe.

In July of 1992, the Appellees, Joseph and Sara Deihl, acquired title to two
tracts of fee land, totaling 25 acres, at St. Michaels. They obtained the land
through a special warranty deed from the Resolution Trust Corporation. At the
time of purchase, the Deihls knew the Laughings were in possession of a house
on the land. The Deihls purchased the land as an investment and planned to
develop it, but needed clear title to and possession of the land before proceeding.

The Deihls sued in the Window Rock District Court after their efforts to con-
tact the Laughings and obtain possession of the land and house failed. On

February 12, 1996, the court clerk issued 30-day civil summonses to the Laughings. On February 28, 1996, the Laughings were served by Gregory M. Benedict, a process server authorized to serve process by the St. Regis Mohawk Tribal Council. Anthony Laughing alleged he was not personally served, however, the Deihls filed copies of the 30-day civil summonses along with affidavits of service. The district court concluded that Anthony had been served and that is conclusive on appeal.

On April 8, 1996, the Deihls filed a motion for entry of the Laughings' default and mailed a copy of the motion to the Laughings and their New York attorney, Daniel Pease. Pease is not a member of the Navajo Nation Bar Association. On that same day, the district court granted the motion for entry of default.

On April 19, 1996, Pease filed a motion to vacate default and extend the time to answer or plead ("motion to vacate default"). The motion was signed by the Laughings, but not by Pease. Lawrence A. Ruzow, attorney for the Deihls, wrote a letter to the district court asking whether the Deihls should respond to the motion, since Pease was not a member of the NNBA and had not associated with a bar member. The district court advised Ruzow that no response was required until Pease had complied with the NNBA's requirements for non-NNBA members. The Laughings claimed they filed the motion *pro se*.

On May 3, 1996, Pease resubmitted a signed motion to vacate. When Pease failed to associate with an NNBA member by May 20, 1996, the Deihls filed a motion for default judgment and requested a hearing on the motion. The district court ordered a hearing to be held on June 18, 1996.

On the morning of June 18, 1996, Paul D. Barber, an NNBA member, entered his appearance for the Laughings and filed a motion to vacate the entry of default. The Laughings did not appear at the hearing. Joseph Deihl appeared and testified at the hearing. On July 1, 1996, the district court filed an order denying the motion to vacate, and entered a default judgment against the Laughings.

## II

While both parties make several claims on appeal, this Court believes the appeal can be decided using only the issue of whether the district court erred by entering the Laughings' default on the same day the motion was filed. According to Nav. R. Civ. P. 55(a) (3), ["a]n entry of default shall not be made until ten (10) days after the filing and notification, if any, of the motion for entry of default." The Rule further states as follows:

> A default shall not be entered if the party claimed to be in default pleads or otherwise defends as provided by these Rules prior to the expiration of ten (10) days from the filing and notification, if any, of the motion for entry of default.

Nav. R. Civ. P. 55(a)(4).

These rules are clear and to the point. A district court is directed not to enter

default until ten days after the date of filing the motion for entry of default. A district court is also instructed not to enter default if the party claimed to be in default has filed a defensive pleading during those ten days. These rules provide due process because they allow for a just and fair determination of each action.

The record shows that Ruzow, counsel for the Deihls, filed a motion for entry of default on April 8, 1996. On that same day, the district court entered the Laughings' default. The default should not have been entered until April 18, 1996, at the earliest.

Navajo Nation court decisions on defaults reflect the universal desire to decide cases on the merits and not solely on procedural grounds. In *Billie v. Abbott*, 6 Nav. R. 66, 76 (1988), we noted that "a trial on the merits is strongly favored over a default judgment." We explained as follows:

> However, where a judgment involves a default, our review should be particularly scrupulous lest the district court resort too quickly to this extreme sanction which amounts to a judgment against the defendant without an opportunity to be heard on the merits.
>
> ...
>
> Therefore, in deciding whether to grant a default judgment or not, a court must strike a balance between the need to prevent delay and the sound public policy of adjudicating cases on the merits.

*Id.*, citing *Chavez v. Tome*, 5 Nav. R. 183 (1987). We hold that the district court erred when it entered the Laughings' default without waiting the required ten days.

The orders of the Window Rock District Court granting the motions for entry of default and default judgment are reversed. Upon remand, the district court shall give the Laughings ten days from the date of service of this decision on them to invoke the benefits of Nav. R. Civ. P. 55(a) (3).